**Frank L. MARRAPESE**

v.

**Ashbel T. WALL, II, Director of the
Rhode Island Department of
Corrections et al.**

No. 2001–610–Appeal.

Supreme Court of Rhode Island.

April 28, 2003.

Patricia A. Coyne–Fague, Providence.

Thomas Connors, Providence.

## ORDER

This case came before the Supreme Court on March 4, 2003, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda of the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

The plaintiff, Frank L. Marrapese (Marrapese or plaintiff), is an inmate currently serving a life sentence at the Adult Correctional Institutions (ACI). The defendant, Ashbel T. Wall, II (director), is the Director of the Department of Corrections (DOC), and the remaining defendants (defendants) are officials employed by the DOC. On August 15, 2001, plaintiff filed an action seeking a declaratory judgment that during his incarceration, the director and defendants have wrongfully classified him within a prison classification known as Security Risk Group (SRG), apparently based upon the belief that he is an organized crime figure. Marrapese further asserts that an SRG classification is not contemplated by the *Morris* rules, a prisoner disciplinary and classification procedure that arose out of a consent judgment entered in the Federal District Court in *Morris v. Travisono*, 310 F.Supp. 857 (D.R.I.1970). The plaintiff alleges that the *Morris* rules do not permit the "labeling of an inmate" and that this SRG designation has resulted in the defendants repeatedly overruling a more favorable classification by the ACI classification board and has diminished his opportunity for release on parole. The plaintiff argues that the defendants have regularly rejected a recommendation by the DOC classification board to reclassify him to Medium Security. The

plaintiff contends that an SRG classification has impaired his ability to "move through the system" and thus be favorably considered for parole by the parole board. Marrapese alleges that this conduct violates the *Morris* rules and has deprived him of due process and equal protection as secured by both the federal and state constitutions.

The defendants moved to dismiss the complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Superior Court Rules of Civil Procedure and argued that, pursuant to our holding in *L'Heureux v. State Department of Corrections*, 708 A.2d 549 (R.I.1998), the trial court was without jurisdiction to consider any violations of the *Morris* rules.. The trial justice agreed and on November 13, 2001, pursuant to Rule 12(b)(6), he dismissed the complaint for failure to state a claim upon which relief could be granted.

On appeal, plaintiff contends that *L'Heureux* is not applicable because he is not challenging any disciplinary proceedings. Marrapese argues that because he is seeking declaratory relief regarding his classification as a SRG inmate rather than challenging any disciplinary sanctions, judicial review is available. Citing *Cugini v. Ventetuolo*, 781 F.Supp. 107 (D.R.I.1992) and *Doctor v. Wall*, 143 F.Supp.2d 203 (D.R.I.2001) in which the Federal District Court concluded that it had no jurisdiction to hear alleged violations of the *Morris* rules, plaintiff argues that there is no forum to seek redress of these grievances and he will be denied his opportunity to be heard. *See Bishop v. State*, 667 A.2d 275 (R.I.1995) (recognizing that DOC prisoner classification authority is vested in the director, this Court will not interfere in that process).

The defendants argue that *L'Heureux* is controlling and that the Superior Court is without jurisdiction to enforce a federal

consent decree through contempt proceedings or otherwise, including a request for declaratory judgment. Furthermore, defendants contend that the director is vested with statutory authority to reject any classification recommended by the classification board, notwithstanding that an adverse determination may have a negative impact on plaintiff's parole eligibility. The director, citing our holding in *Bishop*, 667 A.2d at 277, argues that an inmate classification determination does not implicate a protected liberty interest and is therefore not subject to review by the Superior Court.

After careful review of the record in this case, we are of the opinion that the issues raised by Marrapese are not novel; the fact that Marrapese is challenging his prison classification rather than a disciplinary sanction is irrelevant. The plaintiff is nonetheless attempting to persuade this Court to exert jurisdiction over a federal consent decree; we decline his invitation. In *DiCiantis v. Wall*, 795 A.2d 1121 (R.I. 2002), this Court reaffirmed its previous holding in *L'Heureux* and unequivocally ruled that the *Morris* rules are not cognizable in state court.[1] We need not elaborate on this settled law, nor are we convinced that Marrapese has suffered a wrong that should be judicially addressed. In *Sandin v. Conner*, 515 U.S. 472, 482, 115 S.Ct. 2293, 2299, 132 L.Ed.2d 418, 429 (1995), the Supreme Court of the United States, mindful of the difficulties presented by a federal judicial system mired in "the day-to-day management of prisons," where scarce judicial resources are squandered "with little offsetting benefit to anyone[,]"

declared that although the states may create prisoner liberty interests that are protected by the Due Process Clause, these interests are generally limited. In order for the Due Process Clause to be implicated, the official conduct must impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 115 S.Ct. at 2300, 132 L.Ed.2d at 430. We are satisfied that *Sandin* appropriately sets forth the minimal constitutional requirements for prisoner classifications and parole decisions. We see no need to depart from this standard.

For the reasons set forth herein, the plaintiff's appeal is denied and dismissed and the judgment is affirmed. The papers in this case may be remanded to the Superior Court.

Court of Appeals for the First Circuit rejected Cugini's claim that the state's prisoner classification procedure, as applied to him, violated a constitutionally protected liability interest. *Cugini v. Ventetuolo*, 966 F.2d 1440, No. 92–1092, 1992 WL 144699 (1st Cir.1992).

---

1. We recognize that the Federal District Court for the District of Rhode Island has concluded that "state prisoner actions alleging violations of the Morris rules or seeking enforcement of those rules properly belong in state court[.]" *Cugini v. Ventetuolo*, 781 F.Supp. 107, 113 (D.R.I.1992). Further, the